IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VINCENT DOMÍNGUEZ-SCHUGT,
MARIO DOMÍNGUEZ-BURGUETTE,
ROSWITHA DOMÍNGUEZ,
STEPHAN DOMÍNGUEZ,
and SULI DOMÍNGUEZ,

                 Plaintiffs,

   v.

STATE OF WISCONSIN, COUNTY OF DUNN,
TOWN OF WESTON, BARRETT BRENNER,
ERIC KLEVEN, NICHOLAS P. LANGE,
BRENT D. SKINNER, CINDY WANG,
JENNIFER A. STEINMEYER, JENNY NYHUS,
MEGAN MITTLESTADT, DORIS MEYER,
CINDY KOPP, CALVIN CHRISTIANSON,
DENNIS P. SMITH, JULIE A. WATHKE,
and BRAD D. SCHIMEL,

                 Defendants.[1]

OPINION and ORDER

18-cv-231-jdp

---

Family members Vincent Domínguez-Schugt, Mario Domínguez-Burguette, Roswitha Domínguez, Stephan Domínguez, and Suli Domínguez are joint plaintiffs in this case.[2] They bring this lawsuit under 42 U.S.C. §§ 1983, 1985, and 1986 against a variety of defendants, mostly state, county, and town officials, for applying tax laws to a parcel of property that each of them currently own. Plaintiffs also allege that officials failed to recognize unregistered transfers of the property between the various plaintiffs, and they sue a private attorney who

---

[1] Plaintiffs originally named former Dunn County treasurer Cindy Kopp as a plaintiff, but they voluntarily dismissed her after they were unable to serve her. *See* Dkt. 17.

[2] Plaintiff Mario Domínguez-Burguette passed away during the pendency of this lawsuit. *See* Dkt. 43.

they hired to draft a quit-claim deed transferring ownership between two family members because he proceeded to register the deed with Dunn County. Plaintiffs seek a preliminary injunction enjoining defendants from seeking to foreclose on the property. Dkt. 3.

The various groups of defendants have filed motions to dismiss the case, Dkt. 15; Dkt. 19; Dkt. 24, raising a variety of arguments. I need address only a few of them here, because I conclude that plaintiffs come nowhere close to stating any claim for relief under federal law.

This court rarely gets involved in matters involving the collection of state taxes. The Tax Injunction Act, 28 U.S.C. § 1341, prohibits federal district courts, such as this one, from "enjoin[ing], suspend[ing] or restrain[ing] the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State." Courts have concluded that Wisconsin's processes for challenging tax determinations meet that requirement. *See, e.g., Darne v. State of Wis., Dep't of Revenue*, 137 F.3d 484, 490 (7th Cir. 1998); *Hansen v. Wis. Dep't of Revenue*, No. 06-cv-290-bbc, 2006 WL 1589648, at *3 (W.D. Wis. June 5, 2006).

Even aside from the Tax Injunction Act, plaintiffs do not state any federal claims for relief because they do not raise any plausibly legitimate theories that defendants violated their civil rights. The main thrust of their complaint is that they should not have to pay taxes on the parcel because they have an "inherent right to own property without obligation." Dkt. 1, at 8. But this is simply untrue. Any taxpayer may seek state-created exemptions to tax liability or use state administrative or court processes to challenge tax issues, but a property owner cannot unilaterally declare his or her property to be untaxable.

On at least two occasions, plaintiffs transferred the property between themselves without officially recording the transfers. They contend that government officials violated their

rights by failing to change their ownership records to match the transfers, and by failing to respond to their letters demanding that the government show proof that a particular family member owned the property. They suggest that the failure to respond to their correspondence means that the parcel cannot be taxed, which as stated above is a frivolous theory. If they mean to say that their right to due process was violated by defendants' responses or lack thereof, their allegations do not support due process claims. The Due Process Clause requires public officials to give notice and an opportunity to be heard before depriving an individual of property. *Manley v. Law*, 889 F.3d 885, 890 (7th Cir. 2018). But there are already procedures for landowners to record transfers in ownership and to challenge tax determinations by the government. Plaintiffs are not alleging that they were denied access to those procedures.

Instead, plaintiffs sue defendants for using this process. They bring claims against government officials and plaintiffs' own onetime attorney, Brent D. Skinner, who drafted a quit-claim deed transferring the parcel between two of the plaintiffs and then recorded the deed with the county. I take plaintiffs to be saying that Skinner conspired with county officials to subject the parcel to taxation by registering the transfer. But that is also a frivolous theory that cannot support any federal claims: the parcel was always subject to taxation, and Skinner did not conspire in the violation of any of plaintiffs' federal rights by registering a transfer under Wisconsin's deed-recording process.

Ordinarily when a plaintiff's complaint fails to state a claim for federal relief, the court orders the plaintiff to amend the complaint instead of immediately dismissing the case outright. *See Felton v. City of Chicago*, 827 F.3d 632, 636 (7th Cir. 2016) ("[W]hen a plaintiff—especially a pro se plaintiff—fails to state a claim in his first complaint, he should ordinarily be given a chance to amend."). But here, the problem is not that plaintiffs have failed to adequately state

the basis for their claims, it is that their theories regarding the taxability of real estate are fundamentally flawed. No amendment to the complaint can fix that problem. So I will grant defendants' motions to dismiss regarding all of plaintiffs' federal claims.

Plaintiffs also raise a number of claims under Wisconsin law, such as defamation and intentional or negligent infliction of emotional distress. But a federal court generally does not have jurisdiction over a state-law claim unless it is related to a federal claim that is pending in the same case, 28 U.S.C. § 1367, or the plaintiff and defendants are citizens of different states and the amount in controversy is greater than $75,000, 28 U.S.C. § 1332. In this case, I am dismissing all the federal claims, so I decline to exercise jurisdiction over any of plaintiffs' state-law claims under § 1367. *Groce v. Eli Lilly & Co.*, 193 F.3d 496, 499–501 (7th Cir.1999) ("[I]t is the well established law of this circuit that the usual practice is to dismiss without prejudice state supplemental claims whenever all federal claims have been dismissed prior to trial."). Plaintiffs do not allege that they and defendants are citizens of different states and nothing in the complaint suggests that they are, so I cannot exercise jurisdiction under § 1332 either. Accordingly, I will dismiss plaintiffs' state-law claims for lack of jurisdiction.

A grouping of county defendants has filed a motion to sanction plaintiffs under Federal Rule of Civil Procedure 11 for filing a frivolous complaint. Rule 11(b) requires that a party raise only non-frivolous arguments. I have already concluded that plaintiffs' legal theories underpinning their federal claims are manifestly frivolous, so I will grant defendants' motion for sanctions. A sanction imposed under Rule 11 "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Rule 11(c)(4). The sanction can include reasonable attorney fees and expenses incurred in defending against the sanctioned conduct. *Id.* I conclude that this is an appropriate sanction, so I will grant

defendants' motion. I will direct defendants to submit an itemized accounting of its reasonable expenses. I stress the word "reasonable"—plaintiffs' arguments were so clearly frivolous that defendants' litigation efforts in response should not have been difficult. I will give plaintiffs a chance to object to the amount sought.

ORDER

IT IS ORDERED that:

1. Defendants' motions to dismiss the case, Dkt. 15; Dkt. 19; Dkt. 24, are GRANTED.

2. Plaintiffs' motion for preliminary injunctive relief, Dkt. 3, is DENIED.

3. In accordance with 28 U.S.C. § 1367(c)(3), the court declines to exercise supplemental jurisdiction over plaintiffs' state-law claims and those claims are DISMISSED without prejudice to plaintiffs filing them in state court.

4. This case is DISMISSED; the clerk of court is directed to enter judgment for defendants.

5. The county defendants' motion for sanctions under Federal Rule of Civil Procedure 11, Dkt. 41, is GRANTED. Defendants may have until March 8, 2019, to submit an itemized accounting of its reasonable expenses. Plaintiffs may have until March 22, 2019, to file any objections.

Entered February 21, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge