IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VINCENT DOMÍNGUEZ-SCHUGT,
MARIO DOMÍNGUEZ-BURGUETTE,
ROSWITHA DOMÍNGUEZ,
STEPHAN DOMÍNGUEZ,
and SULI DOMÍNGUEZ,

                        Plaintiffs,

    v.

STATE OF WISCONSIN, COUNTY OF DUNN,          ORDER
TOWN OF WESTON, BARRETT BRENNER,
ERIC KLEVEN, NICHOLAS P. LANGE,            18-cv-231-jdp
BRENT D. SKINNER, CINDY WANG,
JENNIFER A. STEINMEYER, JENNY NYHUS,
MEGAN MITTLESTADT, DORIS MEYER,
CINDY KOPP, CALVIN CHRISTIANSON,
DENNIS P. SMITH, JULIE A. WATHKE,
and BRAD D. SCHIMEL,

                        Defendants.

---

      Family members Vincent Domínguez-Schugt, Mario Domínguez-Burguette, Roswitha Domínguez, Stephan Domínguez, and Suli Domínguez jointly brought this lawsuit in which they alleged that defendants harmed them in a variety of ways, in particular alleging that defendant government officials failed to recognize unregistered transfers of real estate between the plaintiffs. I granted defendants' motions to dismiss the case because plaintiffs had no plausible federal claims for relief, and I declined to exercise jurisdiction over any of plaintiffs' state-law claims. Dkt. 49. Judgment was entered February 21, 2019. Dkt. 50.

      Plaintiffs have filed a letter in which they object to the form of the judgment. Dkt. 53. They contend that it is invalid because it contains an electronic "/s/" signature from the clerk of court, *see* Dkt. 50, and they ask for a handwritten signed version. But the federal rules and

this court's procedures allow for electronic signatures by both parties and the court. *See* Fed. R. Civ. P. 5(d)(3) ("A court may, by local rule, allow papers to be filed, signed or verified by electronic means that are consistent with any technical standards established by the Judicial Conference of the United States."); W.D. Wis. Local R. 5 (requiring electronic filing of papers); W.D. Wis. Admin. Procedure V.A ("Any order filed electronically has the same force and effect as a paper order with a handwritten signature."). So the current judgment is valid. I will deny plaintiffs' motion.

In my order dismissing the case, I granted the county defendants' motion for sanctions under Federal Rule of Civil Procedure 11. Dkt. 49. I directed those defendants to submit an itemized accounting of its reasonable expenses and I gave plaintiffs a chance to object.

The county defendants submitted billing invoices for attorney fees totaling $12,030— 80.2 hours of work at $150 an hour. Dkt. 51-1. Plaintiffs did not file an objection or suggest that they are unable to pay a sanction award. The county defendants responded to the lack of objection by filing a motion asking the court to enter a sanctions order for the full amount. Dkt. 54.

Defendants' $150 hourly rate is reasonable, but I cannot accept all of the entries in defendants' billing record. Several entries are partially redacted, including all of the entries from the December 2018 record, when briefing had already been completed and the case was under advisement to the court, making it unclear what defendants would have been working on at that point. I'll strike the redacted entries, leaving the total bill at $11,280.

Given plaintiffs' relatively voluminous, albeit frivolous, filings, the remaining fee amount is not obviously unreasonable as a calculation of counsel's efforts in this case. Nonetheless, defendants are not automatically entitled to the full amount of attorney fees.

Under Rule 11(c)(4), a sanction "must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated," and I can direct plaintiffs to pay defendants all of the attorney fees or part of them. "A Rule 11 sanction is *not* meant to reimburse opposing parties for their costs of defense." *Anderson v. Cnty. of Montgomery*, 111 F.3d 494, 502 (7th Cir. 1997) (emphasis in original), *overruled on other grounds by DeWalt v. Carter*, 224 F.3d 607 (7th Cir. 2000); *see also Johnson v. A.W. Chesterton Co.*, 18 F.3d 1362, 1366 (7th Cir. 1994). There's no reason to think that the full amount of fees here is necessary to deter this group of pro se filers from filing frivolous lawsuits in the future; this court's electronic records do not show any previous filings—frivolous or not—from plaintiffs. *See* Rule 11, Advisory Committee's Notes (1993 Amendments) (noting that "in deciding whether to impose a sanction or what sanctions would be appropriate," factors to consider include whether conduct "was part of a pattern of activity" or "whether the person has engaged in similar conduct in other litigation").

To deter plaintiffs from engaging in further frivolous litigation, I will order sanctions in the amount of $4,000—roughly a third of the county defendants' fees and ten times the filing fee already paid by plaintiffs. Should plaintiffs follow up with further frivolous cases, they may face more substantial sanctions.

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for a new judgment with handwritten signature, Dkt. 53, is DENIED.

2. The county defendants' motion to enter a sanctions order, Dkt. 54, is GRANTED. Those defendants are awarded $4,000 under Federal Rule of Civil Procedure 11(c)(4).

Entered November 5, 2019.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge