IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

VINCENT DOMÍNGUEZ-SCHUGT,
MARIO DOMÍNGUEZ-BURGUETTE,
ROSWITHA DOMÍNGUEZ,
STEPHAN DOMÍNGUEZ,
and SULI DOMÍNGUEZ,

                Plaintiffs,

   v.

STATE OF WISCONSIN, COUNTY OF DUNN,
TOWN OF WESTON, BARRETT BRENNER,
ERIC KLEVEN, NICHOLAS P. LANGE,
BRENT D. SKINNER, CINDY WANG,
JENNIFER A. STEINMEYER, JENNY NYHUS,
MEGAN MITTLESTADT, DORIS MEYER,
CINDY KOPP, CALVIN CHRISTIANSON,
DENNIS P. SMITH, JULIE A. WATHKE,
and BRAD D. SCHIMEL,

                Defendants.

ORDER

18-cv-231-jdp

---

Plaintiffs Vincent Domínguez-Schugt, Mario Domínguez-Burguette, Roswitha Domínguez, Stephan Domínguez, and Suli Domínguez continue to challenge the validity of the judgment in this case. They jointly brought this lawsuit in which they alleged that defendants harmed them in a variety of ways, in particular alleging that defendant government officials failed to recognize unregistered transfers of real estate between the plaintiffs. I granted defendants' motions to dismiss the case because plaintiffs had no plausible federal claims for relief, and I declined to exercise jurisdiction over any of plaintiffs' state-law claims. Dkt. 49. Judgment was entered February 21, 2019. Dkt. 50. Plaintiffs then objected to the form of the judgment because it contains an electronic "/s/" signature from the clerk of court. I denied that motion. Dkt. 55.

Now plaintiffs have filed a motion for relief from judgment under Federal Rule of Civil Procedure 60(b). Under Rule 60(b), a court may relieve a party from a final judgment and re-open the case for any of the following reasons:

> (1) Mistake, inadvertence, surprise, or excusable neglect;
>
> (2) Newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
> (3) Fraud . . ., misrepresentation, or misconduct by an opposing party;
>
> (4) The judgment is void;
>
> (5) The judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
> (6) Any other reason that justifies relief.

Plaintiffs continue to contend that my orders and the judgment are void because they contain electronic signatures. But as I have explained to them already, the federal rules and this court's procedures allow for electronic signatures by both parties and the court. *See* Dkt. 55, at 2.

Plaintiffs say that they have new evidence that shows fraud by defendants. *See* attachments to Dkt. 57. Most of these documents are not "newly discovered evidence" because they predate my dismissal order. But all they show is that plaintiffs have made at least some payments of the taxes they owe. They are not evidence that defendants have violated any of plaintiffs' constitutional or other federal rights.

Plaintiffs also continue to raise frivolous arguments, such as that it was a violation of due process for me to dismiss the case without holding further hearings, or that it was incorrect for me to conclude that diversity jurisdiction did not exist, because plaintiffs do not recognize

2

the state of Wisconsin's authority. Nothing in plaintiffs' motion gives me reason to reconsider dismissal of the case.

Plaintiffs also state that if I have relied on evidence outside the record to decide this case, I should recuse myself. I will deny the motion because I have not relied on anything other than the parties' pleadings and the voluminous attachments to plaintiffs' complaint. *See, e.g., Williamson v. Curran*, 714 F.3d 432, 443 (7th Cir. 2013) (attachments to complaint can be considered in deciding motion to dismiss without converting motion to one for summary judgment).

ORDER

IT IS ORDERED that:

1. Plaintiffs' motion for relief from judgment, Dkt. 57, is DENIED.
2. Plaintiffs' motion for my recusal, Dkt. 57, is DENIED.

Entered February 3, 2020.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge